UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT S. MUELLAR, III, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-00410-LJO-MJS (PC)<br><br>**ORDER STRIKING COMPLAINT<br>(ECF No. 1)**<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR APPOINTMENT OF COUNSEL<br>(ECF No. 3)**<br><br>**FINDINGS AND RECOMMENDATION TO DENY MOTION TO PROCEED IN FORMA PAUPERIS<br>(ECF No. 2)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff Gary Dale Barger, also known as Gary Fisher, Gary "Sonny" Barger, and Sonny Barger II, is a state prisoner proceeding pro se in a civil rights action brought pursuant to 42 U.S.C. § 1983. On March 25, 2016, Plaintiff initiated this action by filing a complaint (ECF No. 1), a motion to proceed in forma pauperis (ECF No. 2), and a motion for appointment of counsel (ECF No. 3).

**I.　THE COMPLAINT**

Plaintiff's complaint is unsigned. The court is required to strike an unsigned

pleading unless the omission is promptly corrected. Fed. R. Civ. P. 11(a). The complaint will be stricken and Plaintiff will be permitted to refile a signed pleading.

## II.     APPOINTMENT OF COUNSEL

Plaintiff has filed a motion for extension of time to file a motion for appointment of counsel. The motion provides no basis for seeking an extension of time or for appointing counsel. Additionally, as there is no set time frame for seeking appointment of counsel, there is no need for an extension of time.

Plaintiff does not in any event have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

Accordingly, the motion for appointment of counsel will be denied.

### III. IN FORMA PAUPERIS APPLICATION

Plaintiff moves to proceed in forma pauperis.

28 U.S.C. § 1915 permits a federal court to authorize the commencement and prosecution of an action without prepayment of fees by an individual who submits an affidavit demonstrating that he or she is unable to pay the fees. However,

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The imminent danger exception applies if "the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007).

Here, Plaintiff has incurred at least three strikes within the meaning of 28 U.S.C. § 1915(g). See, e.g., (1) Fisher v. McGee, 2:13-cv-8137-UAMAN (C.D. Cal.) (dismissed December 11, 2013 as barred by Heck v. Humphrey, 512 U.S. 477 (1994) and for naming immune defendants); (2) Barger v. FBI, 1:13-cv-535-DLB (E.D. Cal.) (dismissed November 21, 2013 for failure to state a claim); and (3) Fisher v. FBI, 1:13-CV-414-LJO-SAB (E.D. Cal.) (dismissed July 26, 2013 for failure to state a claim).

Additionally, the complaint does not allege that Plaintiff was in imminent danger of serious physical injury at the time of filing. Although difficult to discern, the complaint appears to allege interference with Plaintiff's mail, confiscation of his television, and excessive force. It appears that all of the alleged acts occurred at institutions where Plaintiff is no longer housed. As far as the Court can ascertain, the complaint contains no allegations regarding officials or conduct at Plaintiff's present institution. The Court can find no basis to conclude that Plaintiff is in imminent danger.

Accordingly, the Court will recommend that Plaintiff's motion to proceed in forma

1 pauperis be denied, and that Plaintiff be required to pay the applicable filing fee in full
2 within forty-five days.

## IV. CONCLUSION, ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is STRICKEN;
2. If Plaintiff chooses to proceed with this action, he may file a signed pleading within sixty (60) days;
3. Failure to file a signed pleading in compliance with this order will result in dismissal of the action; and
4. Plaintiff's motion for extension of time to file a motion for appointment of counsel (ECF No. 3) is DENIED.

Additionally, it is HEREBY RECOMMENDED that Plaintiff's motion to proceed in forma pauperis be denied, and that Plaintiff be required to pay the $400 filing fee in full within forty-five (45) days.

This recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   March 28, 2016            /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE